
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
**LAWRENCE BRUNO** and **MELISSA BRUNO**,

                Plaintiffs,

       -against-                         **MEMORANDUM & ORDER**

**DEUTSCHE BANK NATIONAL TRUST**          2:18-cv-07348 (AMD) (LB)
**COMPANY, AS TRUSTEE FOR GSR**
**MORTGAGE LOAN TRUST 2007-AR1**
**MOTRAGAGE PASS-THROUGH**
**CERTIFICATES SERIES 2007-AR1;**
**RESIDENTIAL FUNDING COMPANY, LLC,**
**PNC BANK FKA NATIONAL CITY**
**MORTGAGE, OCWEN LOAN SERVICING,**
**LLC, AND DOES 1-100**, inclusive,

                Defendants.
------------------------------------------------------------------ x

**ANN M. DONNELLY**, United States District Judge:

On November 26, 2018, the *pro se* plaintiffs filed a complaint in the Nassau County Supreme Court, asserting state and federal claims relating to a 2014 state court judgment awarding the plaintiffs' property to the defendants. (ECF No. 1-1.) The plaintiffs allege that the 2014 judgment was void *ab initio*, and that the defendants committed state law torts in foreclosing on their property, including fraud (*id.* ¶¶ 95-110), intentional infliction of emotional distress (*id.* ¶¶ 111-123), and slander to title (*id.* ¶¶ 124-131). The plaintiffs also seek rescission of the underlying loan pursuant to the Truth in Lending Act (*id.* ¶¶ 152-158), and damages for violations of the Real Estate Settlement Procedures Act (*id.* ¶¶ 159-165).

Deutsche Bank and Ocwen removed the case to federal court on December 26, 2018, (ECF No. 1) and moved to dismiss the complaint on May 16, 2019 (ECF No. 11). PNC Bank answered the complaint on April 11, 2019 (ECF No. 8), and moved for summary judgment on May 16, 2019 (ECF No. 13). For the reasons that follow, the complaint is dismissed.

## BACKGROUND[1]

On September 20, 2005, the defendants loaned the plaintiffs $1.5 million secured by a mortgage on the plaintiffs' home in Woodbury, New York. (ECF No. 1-1 ¶ 43; ECF 11-2 at 16-65.) On March 6, 2014, the defendants filed a complaint in the Nassau County Supreme Court seeking to foreclose on the mortgage, which the plaintiffs opposed. (ECF No. 11-2 at 5-13; ECF No. 1-1 ¶ 13.)[2] The Honorable Thomas A. Adams of the Nassau County Supreme Court awarded a judgment of foreclosure and sale to the defendants on April 25, 2017. (ECF No. 11-3.) On August 10, 2017, the plaintiffs moved to vacate the judgment and for dismissal of the action (ECF No. 13-8), which the court denied by short form order (ECF No. 13-11). On August 17, 2017, the plaintiffs moved to stay the foreclosure in the Appellate Division, Second Department, which the Appellate Division denied. (ECF No. 13-12.) On February 20, 2018, the property was sold at a foreclosure auction. (ECF No. 11-4).

## STANDARD OF REVIEW

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor.[3] *Town of Babylon v. Fed.*

---

[1] All facts are taken from the complaint, materials incorporated into the complaint by reference, materials integral to the complaint, and facts that are capable of judicial notice. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[2] I take judicial notice of the filings in the foreclosure action (Index No. 002275/2014), as the Court may consider matters of public record when deciding a motion to dismiss. *See Sutton ex rel. Rose v. Wachovia Sec., LLC*, 208 F. App'x 27, 29-30 (2d Cir. 2006). However, I consider the documents filed "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774 (citation omitted).

[3] PNC Bank filed a motion for summary judgment in lieu of a motion to dismiss. Although Rule 56 permits a party to move for summary judgment "at any time," Fed R. Civ. P. 56(b), pre-discovery summary judgment "is the exception rather than the rule and will be granted only in the clearest of cases." *Wells Fargo Bank Northwest, N.A. v. Taca Intern. Airlines, S.A.*, 247 F. Supp. 2d 352, 359-60 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted). Moreover, in light of the plaintiffs' *pro se* status, I am reluctant to accelerate the litigation to

*Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). And, because allegations in *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). However, an action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

The defendants argue that this action is barred by *res judicata* and the *Rooker-Feldman* abstention doctrine.[4] The plaintiffs respond that neither *res judicata* nor *Rooker-Feldman* apply because the defendants procured the 2014 judgment by fraud, and had no standing, capacity, or jurisdiction to foreclose on the property. (ECF No. 15 at 20-21.)

### I. *Res Judicata*

"Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (alterations and citation omitted) (quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Federal courts have "consistently

---

summary judgment without providing them the opportunity to conduct discovery. *See Booker v. Griffin*, No. 16-CV-00072, 2018 WL 1614346, at *3 n.3 (E.D.N.Y. Mar. 31, 2018). Accordingly, I analyze PNC Bank's motion as a motion to dismiss.

[4] Deutsche Bank argues that the plaintiffs' Truth in Lending Act claims are barred by the relevant statute of limitations, while PNC Bank argues that the plaintiffs do not state claims for each state and federal cause of action. Because I find that this action is barred by *res judicata*, I do not reach these arguments.

accorded preclusive effect to issues decided by state courts," and Congress has required federal courts "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738). Accordingly, I look to New York law to determine whether the plaintiffs' claims are barred by *res judicata*. *See Harris ex relatione Harris v. BNC Mortgage, Inc.*, No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017).

In New York, "res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheffield v. Sheriff of Rockland County Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (alterations omitted) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). New York applies a "transactional approach" to *res judicata*, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."[5] *Yoon v. Fordham Univ. Faculty and Administrative Retirement Plan*, 263 F.3d 196, 200 (2d Cir. 2001) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

Application of that standard to these facts requires dismissal. First, the state court's judgment of foreclosure and sale is an adjudication on the merits. *See Harris*, 2017 WL 1166357, at *4 ("[T]he State Court entered a judgment of foreclosure and sale on the Property

---

[5] New York courts use a "pragmatic" test to determine whether particular claims are part of the same transaction: "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100-01 (2005) (quoting Restatement [Second] of Judgments § 24 [2])).

4

against Plaintiff, which is an adjudication on the merits...at least two unpublished opinions from the Second Circuit have held that a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion.") (citing *Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) and *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 645 (2d Cir. 2012)). Second, this action involves the same parties as those in the foreclosure proceeding.

Finally, the plaintiffs' claims arise out of the same series of transactions at issue in state court—the mortgage and property foreclosure. In fact, the plaintiffs admit as much. They attack the mortgage and property foreclosure, and make the same arguments that the state court rejected—that the foreclosure was void, and that the defendants lacked standing, capacity, and jurisdiction to foreclose. (*Compare* ECF No. 13-5, 6, 7, 11 (6: "[T]hat branch of the defendants' motion seeking to vacate the Order on the grounds of fraud is denied. They have failed to establish that the Order was procured by fraud, misrepresentation or misconduct."), *with* (ECF No. 1-1 ¶ 13; ECF No. 15 at 19 (The judgment of foreclosure "in case 002275/2014 is utterly void upon its face" because "Deutsche Bank, et. al and the lower court failed to prove up standing and the lower court's jurisdiction as required, rendering said alleged 'decision' utterly null and void.")).

Not only do the plaintiffs press claims arising out of the same transaction, but they seek to overturn the trial court's order by means of a new action rather than by an appeal. *Res judicata* bars both strategies. *See De Masi*, 481 F. App'x at 646 ("[T]he district court correctly determined that [the plaintiff] was precluded from relitigating her claims in federal court because the New York Supreme Court had previously entered final judgment in three cases arising out of the same set of operative facts, namely, the events leading up to and following the...foreclosure

on [the plaintiff's] home."); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (the plaintiffs' claims were barred because they were based on "the allegation that [the] defendants improperly obtained a Judgment of Foreclosure and Sale."); *see also Carbone v. Deutsche Bank Nat'l Trust Co.*, 145 A.D.3d 848, 849-50 (2d Dep't 2016) (dismissing a collateral attack upon a valid judgment of foreclosure and sale); *Hanspal v. Washington Mut. Bank*, 153 A.D.3d 1329, 1331-32 (2d Dep't 2017) ("[R]es judicata barred his second cause of action, which was to 'cancel' the eviction action...any claims that the plaintiff could have raised against the present defendants in that action are barred by res judicata.") (citation omitted).

Equally unpersuasive is the plaintiffs' claim that the state court did not have jurisdiction over the matter. On the contrary, it is well settled that the Supreme Court of the State of New York has subject matter jurisdiction over mortgage foreclosure actions. *See Mortgage Elec. Registration Sys., Inc. v. Gifford*, 133 A.D.3d 429, 430 (1st Dep't 2015) ("The Supreme Court is a court of general jurisdiction, and indisputably has the power to entertain mortgage foreclosure actions, including issues regarding the defense of lack of capacity or standing[.]") (quotation marks and citation omitted); *Security Pac. Nat'l Bank v. Evans*, 31 A.D.3d 278 (1st Dep't 2006) ("Because New York's Supreme Court is a court of original, unlimited and unqualified jurisdiction, it is competent to entertain all causes of action, including mortgage foreclosure actions.") (internal citations and quotation marks omitted). Accordingly, the Nassau County Supreme Court was a "court of competent jurisdiction" when it rendered its decision on foreclosure in 2014.

For the reasons discussed above, I accord preclusive effect to the 2014 state court judgment of foreclosure.

## II. *Rooker-Feldman* Abstention

The *Rooker-Feldman* doctrine provides a separate reason for dismissal. "Lower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *McCluskey v. New York State Unified Court Sys.*, 442 F. App'x 586, 589 (2d Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). As discussed above, the plaintiffs' current action is a collateral attack on the state court foreclosure judgment. Accordingly, this Court lacks subject matter jurisdiction pursuant to *Rooker-Feldman*.[6]

## CONCLUSION

The defendants' motion to dismiss the plaintiffs' complaint is granted. A court dismissing a *pro se* complaint should grant leave to amend freely if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations, quotation marks, and citation omitted). "The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs." *Marcelin v. Cortes-Vazquez*, No. 09-CV-4303, 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011) (citing Fed. R. Civ. P. 15(a)(2) and *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted)). The Court, however, maintains discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted). Because the plaintiffs' claims are barred by *res judicata*,

---

[6] If the *Rooker-Feldman* doctrine was the only basis for dismissal, I would remand the action to state court. *See In re Card*, No. 12-CV-114, 2012 WL 382730, at *2 n.5 (E.D.N.Y. Feb. 6, 2012). However, because *res judicata* applies, I dismiss the case. *See Hachamovitch v. DeBuono*, 159 F.3d 687, 696 (2d Cir. 1998) ("[T]he underlying state interests may well be better served by the federal court giving full faith and credit to the state judgment (where a preclusion defense is raised) than by the federal court's refusal to exercise jurisdiction over the case.").

amendment would be futile.  *See Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 517 (S.D.N.Y. 2016).  Accordingly, the complaint is dismissed, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                        _____
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
         February 3, 2020